### Case No. 7,324.

### The J. L. HASBROUCK.

[5 Ben. 244; [1] 14 Int. Rev. Rec. 47.]

District Court, S. D. New York. June, 1871.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

C. Donohue and J. K. Hill, for libellants.

R. D. Benedict and W. J. Haskett, for claimants.

BLATCHFORD, District Judge. For any damage to the canal-boat or her cargo up to the time of the arrival of the propeller and her tows off Fort Montgomery dock, the owners of the canal-boat and the owners of her cargo must, as respects the propeller, bear their own losses. Such damage, on the evidence, was not caused by any negligence or fault on the part of the propeller, by towing at an undue rate of speed, or otherwise, but was caused by the leaky and unseaworthy condition of the canal-boat. The owners of the cargo, if they have a claim against anybody for such damage, must look for it to the owners of the canal-boat. For the actual sinking of the canal-boat off Fort Montgomery dock, and for the damage caused by such sinking to her cargo, over and beyond the damage it had sustained by water at the time the canal-boat was cast loose from the propeller, I think the propeller is shown to be responsible in part. The damage to the canal-boat, for which the propeller is so responsible in part, is the loss of such value as there was in the boat in the condition in which she was when she was cast off. But such damage to the canal-boat must be shared by her owners, and such damage to the cargo must be shared by its owners. There was fault on the part of the canal-boat in not having an anchor for use, and in not using, off Fort Montgomery dock, all the lines there were on board. These faults, on the evidence, contributed to the sinking of the canal-boat and her cargo, although there was great negligence on the part of those in charge of the propeller in leaving the canal-boat as they did, after having stopped their vessel for the purpose of casting off the canal-boat, knowing, as they did, that she was being cast off because of some difficulty, her destination not having been reached. The faults of the canal-boat enure, as respects her cargo, to the benefit of the propeller, as against the owners of the cargo, in like manner as they enure, as respects the canal-boat herself, to the benefit of the propeller, as against the owners of the canal-boat. Hay v. Le Neve, 2 Shaw, App. 395; The Milan. 1 Lush. 388, 403; The Atlas [Case No. 633]. There must be an interlocutory decree in each suit, and an order of reference to compute the damages, in accordance with these views. The question of costs is reserved until the coming in of the reports.